The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re Estate of<br><br>THE JAMES D. GARRED REVOCABLE LIVING TRUST<br><br>KELLY G. MERRILL, as Trustee of the James D. Garred Revocable Living Trust, Credit Shelter Trust Created by the James D. Garred Revocable Living Trust and the Marital Trust Created by the James D. Garred Revocable Trust,<br><br>                     Petitioner,<br><br>   v.<br><br>CHRISTOPHER MOORE, an individual; and CREASON, MOORE, DOKKEN & GEIDL, PLLC, an Idaho Limited Liability Company,<br><br>                     Respondents. | No. 2:12-cv-00313 RSL<br><br>ANSWER AND AFFIRMATIVE DEFENSES TO PETITION TO RECOVER DAMAGES AND FOR BREACH OF FIDUCIARY DUTIES, FRAUD, LEGAL MALPRACTICE AND CONSPIRACY |

Respondents Christopher Moore and Creason, Moore, Dokken & Geidl, PLLC, ("Creason firm") answer the Petition to Recover Damages for Breach of Fiduciary Duties, Fraud and Legal Malpractice and Conspiracy as follows:

## I.  RELIEF REQUESTED

1. Answering petitioner's first unnumbered paragraph, respondents admit Petitioner is the acting trustee and a beneficiary of the James D. Garred Revocable Trust and the associated

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  Credit Shelter Trust and Marital Trust created by her father, James D. Garred, admit Mr. Garred
2  died on or about March 13, 2008, and admit the James D. Garred Revocable Trust instrument
3  says only what it says.  Respondents deny all the remaining allegations.

4  2.   Answering petitioner's second unnumbered paragraph, respondents admit that
5  Christopher Moore and the Creason firm acted as counsel for decedent James Garred in certain
6  respects, and acted as counsel for Patti Jo Garred as trustee of the James D. Garred Revocable
7  Trust.  Respondents also admit that petitioner filed a petition in King County Superior Court,
8  which petition says only what it says, and that in February 2011 the Court entered an Order
9  saying only what it says.  Respondents deny all the remaining allegations.

10  3.   Answering petitioner's third unnumbered paragraph, respondents admit that they
11  provided petitioner copies of respondents' files regarding their representation of Patti Jo Garred
12  as trustee.  Respondents are without knowledge or information sufficient to form a belief
13  regarding the truth or falsity of the allegations that petitioner obtained the corporate files for the
14  entities owned by the trust, leases, financial statements, bank loan information and bank
15  statements, and therefore deny the allegations, and also deny all the remaining allegations.

**II.**

17  1 - 3.   Admit the allegations of paragraphs 1 - 3.

18  4.   Admit that Patrick D. Garred is named as a beneficiary of the Credit Shelter Trust
19  and a residual beneficiary of the Marital Trust.  Respondents are without knowledge or
20  information sufficient to form a belief regarding the truth or falsity of the allegations regarding
21  Patrick Garred's residency, and therefore deny the same, and deny all other allegations of
22  paragraph 4.

23  5.   Admit that Scott G. Garred is named as a beneficiary of the Credit Shelter Trust
24  and a residual beneficiary of the Marital Trust.  Respondents are without knowledge or
25  information sufficient to form a belief regarding the truth or falsity of the allegations regarding

26

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  Scott Garred's residency, and therefore deny the same, and deny all other allegations of
2  paragraph 5.
3       6.      Admit that Wendy J. Trigsted was named as a beneficiary of the Credit Shelter
4  Trust and a residual beneficiary of the Marital Trust.  Respondents are without knowledge or
5  information sufficient to form a belief regarding the truth or falsity of the allegations regarding
6  Wendy Trigsted's residency, and therefore deny the same, and deny all other allegations of
7  paragraph 6.
8       7.      Admit that Christopher Moore was James Garred's attorney regarding certain
9  estate planning matters; admit Moore represented Patti Garred as trustee of the James D. Garred
10 Revocable Trust; admit the James D. Garred Revocable Trust says only what it says; and admit
11 Moore is a resident of Lewiston, Idaho, and licensed to practice law in both Idaho and
12 Washington.  Except as so expressly admitted, respondents deny the allegations of paragraph 7.
13      8.      Admit the Creason firm is an Idaho professional limited liability company; admit
14 the four named members of the firm are all licensed to practice law in both Idaho and
15 Washington; admit the Creason firm provided certain estate planning services for James Garred;
16 and admit the Creason firm represented Patti Jo Garred in her role as trustee of the James D.
17 Garred Revocable Trust.  Except as so expressly admitted, respondents deny the allegations of
18 paragraph 8.

### III.    JURISDICTION AND VENUE

20      1.      Paragraph 1 contains legal conclusions to which no answer is required.  To the
21 extent an answer is required, the allegations are denied.
22      2.      Paragraph 2 contains legal conclusions to which no answer is required.  To the
23 extent an answer is required, the allegations are denied.
24      3.      Admit that the James D. Garred Revocable Trust says only what it says.  Admit
25 that petitioner filed a probate action in King County.  Beyond this, paragraph 3 contains legal

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

conclusions to which no answer is required. To the extent an answer is required, however, the allegations are denied.

### IV.   NOTICE OF THIS PETITION

Admit petitioner served respondents with the Petition and Summons, and otherwise deny the allegations of Section IV.

### V.   STATEMENT OF FACTS

**A.**

1. Are without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of paragraph 1 and therefore deny them.

2. Admit the allegations of paragraph 2.

3. Admit that James D. Garred owned and managed the Highland Grocery, the Bistro, a combination gas station and convenience store, and admits Mr. Garred owned rental properties, all in Clarkston, Washington. Except as so expressly admitted, respondents deny the allegations of paragraph 3.

4. Admit the allegations of paragraph 4.

5. Admit James Garred and Patti Jo Garred completed a prenuptial agreement, and admit the prenuptial agreement says only what it says, and deny the remaining allegations of paragraph 5.

6. Admit Mr. Garred and Patti Jo Garred executed the Amended James D. Garred Revocable Trust on January 15, 2008; admit Christopher Moore revised the estate plan documents, admit those estate planning documents say only what they say, and otherwise deny the allegations of paragraph 6.

7 - 12. Admit the James D. Garred Revocable Trust says only what it says, and otherwise deny the allegations of paragraph 7 - 12.

13. Admit that Mr. Moore met with Kelly Merrill at her father's home prior to his death, and deny the remaining allegations of paragraph 13.

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

14. Admit that Mr. Garred died on March 13, 2008, and deny the remaining allegations of paragraph 14.

15. Admit that Mr. Moore met with Kelly Merrill and her siblings at the Creason firm's offices shortly after Mr. Garred's death; and admit that Mr. Moore told Ms. Merrill and her siblings that he represented Patti Garred as trustee. Except as so expressly admitted, respondents deny the allegations of paragraph 15.

16. Admit that the federal estate tax return for Mr. Garred's estate says only what it says, and deny the remaining allegations of paragraph 16.

**B.**

1. Admit that the James D. Garred Revocable Trust says only what it says and deny the remaining allegations of paragraph 1.

2. Deny the allegations of paragraph 2.

3. Admit the file labeled "Credit Shelter Trust" says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 3.

4. Admit to having prepared a change of registered agent assignment form and amended certificate regarding Garred Properties LLC; and admit the transfer had not occurred prior to respondents' withdrawal in December 2011. Except as so expressly admitted, respondents deny the allegations of paragraph 4.

5. Admit Ms. Merrill signed an "authorization for obtaining employee identification number" which says only what it says. Admit to having obtained an EIN for the Credit Shelter Trust. Except as so expressly admitted, respondents deny the allegations of paragraph 5.

6. Admit the January 9, 2009, email referenced in paragraph 6 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 6.

7. Admit the March 3, 2010, email referenced in paragraph 7 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 7.

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

8.  Admit only that they had certain communications with Ms. Merrill between 2008 and 2010, and that the March 3, 2010, email referenced in paragraph 8 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 8.

9.  Admit the August 20, 2009 and January 6, 2010, emails referenced in paragraph 9 say what they say. Except as so expressly admitted, respondents deny the allegations of paragraph 9.

10.  Deny the allegations of paragraph 10.

**C.**

1.  Admit only that they had certain communications with Ms. Merrill between 2008 and 2010. Except as so expressly admitted, respondents deny the allegations of paragraph 1.

2.  Admit that the June 2, 2010, email and notes referenced in paragraph 2 say only what they say. Admit also only that, between 2008 and 2010, they sometimes had certain communications with their client, Patti Garred as trustee, that they did not have with Ms. Merrill, who was not their client. Except as so expressly admitted, respondents deny the allegations of paragraph 2.

3.  Admit that no income tax returns for trust business entities or the trust had been filed by December 2010. Admit also only that, between 2008 and 2010, they sometimes had certain communications with their client, Patti Garred as trustee, that they did not have with Ms. Merrill, who was not their client. Except as so expressly admitted, respondents deny the allegations of paragraph 3.

4.  Admit that the billing statements and May 25, 2010, email referenced in paragraph 4 say only what they say. Admit also only that, between 2008 and 2010, they sometimes had certain communications with their client, Patti Garred as trustee, that they did not have with Ms. Merrill, who was not their client. Except as so expressly admitted, respondents deny the allegations of paragraph 4.

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

5.   Admit that the billing statements and August 16, 2010, email referenced in paragraph 5 say only what they say.  Admit also only that, between 2008 and 2010, they sometimes had certain communications with their client, Patti Garred as trustee, that they did not have with Ms. Merrill, who was not their client.  Except as so expressly admitted, respondents deny the allegations of paragraph 5.

6.   Admit that the billing statements, letters and October 15, 2010, email cited in paragraph 6 say only what they say.  Except as so expressly admitted, respondents deny the allegations of paragraph 6.

**D.**

1.   Deny the allegations of paragraph 1.

2.   Admit that the January 19, 2009, email referenced in paragraph 2 says only what it says.  Except as so expressly admitted, respondents deny the allegations of paragraph 2.

3.   Admit that the January 19, 2009, email referenced in paragraph 3 says only what it says.  Except as so expressly admitted, respondents deny the allegations of paragraph 3.

4.   Admit that the January 30, 2009, email referenced in paragraph 4 says only what it says.  Except as so expressly admitted, respondents deny the allegations of paragraph 4.

5.   Admit that Garred Properties LLC was managed by a third party; are without information or knowledge sufficient to form a belief regarding the truth or falsity of the date on which Ms. Merrill began receiving statements from the property manager and therefore deny that allegation.  Except as so expressly admitted, respondents deny the allegations of paragraph 5.

6.    Admit that Garred Properties LLC was managed by a third party.  Except as so expressly admitted, respondents are without information or knowledge sufficient to form a belief regarding the truth or falsity of the allegations and therefore deny the same.

7.   Admit that the February 2, 2009, emails referenced in paragraph 7 say only what they say; admit that Patti Garred did not make certain loan payments timely; and admit to having

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

assisted Ms. Garred make certain loan payments through the firm's trust account. Except as so expressly admitted, respondents deny the allegations of paragraph 7.

8. Admit that the email dated February 19, 2009, says only what it says. Except as so expressly admitted, deny the allegations of paragraph 8.

9. Admit that Patti Jo Garred is trustee of the James D. Garred Revocable Trust and did not make distributions to the Credit Shelter Trust in January, February or March 2009. Admit that the email referenced in paragraph 9 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 9.

10. Admit that, in July 2009, Mr. Moore assisted Ms. Garred as trustee in finalizing the sale of certain Highland Grocery, Inc., property and equipment; admit that, after the sale was finalized, Patti Garred as trustee made no distributions to fund the Credit Shelter Trust or Marital Trust. Except as so expressly admitted, respondents deny the allegations of paragraph 10.

11. Deny the allegations of paragraph 11.

12. Admit that certain individuals running the Bistro embezzled funds. Admit these individuals were criminally prosecuted, and admit Ms. Garred took over management of the Bistro. Are without knowledge or information sufficient to form a belief as to the truth or falsity of petitioner's allegations regarding her knowledge of these events, and otherwise deny the allegations of paragraph 12.

13. Admit that the January 6, 2010, email referenced in paragraph 13 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 13.

14. Admit that the March 2, 2010, email referenced in paragraph 14 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 14.

15. Admit that the email dated March 11, 2010, referenced in paragraph 15 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 15.

16. Admit that the May 20, 2010, email referenced in paragraph 16 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 16.

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

17.     Admit that at some point the gas station and convenience store stopped selling gasoline; admit that Mr. Moore had certain communications with the Department of Ecology and landlord regarding the convenience store's gas tanks. Except as so expressly admitted, respondents deny the remaining allegations of paragraph 17.

**E.**

1.      Deny the allegations of paragraph 1.

2.      Deny the allegations of paragraph 2.

3.      Admit that the August 27, 2009, and August 30, 2009, emails, and the August 30, 2009, letter referenced in paragraph 3 say only what they say. Except as so expressly admitted, respondents deny the allegations of paragraph 3.

4.      Admit that the March 3, 2010, email referenced in paragraph 4 says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 4.

5.      Admit that the billing statements referenced in paragraph 5 say what they say; admit that a copy of the sublease between Patti Jo Garred and Jodi Brunelle was produced as part of respondents' file; and admit that the sublease says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 5.

6.      Admit that the January 4, 2010, email referenced in paragraph 6 says only what it says. Admit also only that, between 2008 and 2010, they sometimes had certain communications with their client, Patti Garred as trustee, that they did not have with Ms. Merrill, who was not their client. Except as so expressly admitted, respondents deny the allegations of paragraph 6.

**F.**

1.      Are without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations regarding what Ms. Merrill learned from third parties about payment for a storage unit or when, and therefore deny them, and otherwise deny the allegations of paragraph 1.

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

2. Admit that Ms. Merrill at some point retained Jared Phillips. Except as so expressly admitted, respondents deny the allegations of paragraph 2.

3. Admit that no distributions had been made to the Credit Shelter Trust or to its beneficiaries. Except as so expressly admitted, respondents deny the allegations of paragraph 3.

4. Admit Mr. Phillips contacted Mr. Moore in November 2010 to request certain documents. Admit that the letter referenced in paragraph 4 says only what it says and admit that no documents were provided to Mr. Phillips by the second week of December 2010. Except as so expressly admitted, respondents deny the allegations of paragraph 4.

**G.**

1. Admit Mr. Phillips left a voicemail for Mr. Moore in late December 2010, and otherwise deny the allegations of paragraph 1.

2. Admit that Mr. Moore sent Mr. Phillips a letter dated December 22, 2010, admit that the letter says only what it says, and deny the remaining allegations of paragraph 2.

3. Are without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of paragraph 3, and therefore deny the same.

4. Admit petitioner filed a petition to remove her stepmother as trustee, and admit an order was entered and that the order says only what it says. Except as so expressly admitted, respondents deny the allegations of paragraph 4.

**H.**

1. Are without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of paragraph 1, and therefore deny the same.

2. Admit Mr. Moore met with the representative of the Department of Ecology in late 2010, and admit that the billing statements referenced in paragraph 2 say what they say. Except as so expressly admitted, respondents deny the allegations of paragraph 2.

3. Admit that Mr. Moore met with Ms. Merrill and her counsel in February 2011, and admit that the billing statements and email referenced in paragraph 3 say only what they say.

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Admit also only that, between 2008 and 2010, they sometimes had certain communications with their client, Patti Garred as trustee, that they did not have with Ms. Merrill, who was not their client.  Are without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations regarding what Ms. Merrill found in the basement of Jim's ExpressMart or her reaction to what she found, and therefore deny the allegations and also deny all remaining allegations of paragraph 3.

4. Deny the allegations of paragraph 4.

5. Deny the allegations of paragraph 5.

6-7. Admit that to assist Ms. Garred as trustee, the firm's trust account was used for the receipt of certain rental property funds and payment of certain bills.  Admit also that few of the firm's trust-related invoices were paid while Ms. Garred was trustee.  Except as so expressly admitted, respondents deny the allegations of paragraph "6-7."

8. Deny the allegations of paragraph 8.

## VI.   STATEMENT OF CLAIMS

1 - 8. Respondents reallege and incorporate by reference their answers to the preceding paragraphs and deny all allegations, and deny petitioner is entitled to any relief.

## VII.   LEGAL AUTHORITY

A. Admit that the James D. Garred Revocable Trust instrument says only what it says.  Except as so expressly admitted, respondents deny the allegations of Section VII.A, and deny that petitioner is entitled to any relief.  Further, respondents state that Mr. Moore has resigned as trust protector and the other members of his firm have declined to serve as trust protector.

B-G. Deny the allegations of Sections B-G, and deny that petitioner is entitled to any relief.

## VIII.   CONCLUSION

Deny the allegations of Section VIII, and deny that petitioner is entitled to any relief.

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER, and as AFFIRMATIVE DEFENSES, the respondents allege as follows:

1. Petitioner's claims are barred for failure to state a claim upon which relief can be granted.

2. Petitioner's claims are barred by applicable statutes of limitation.

3. Petitioner's claims are barred by the doctrines of waiver, laches and unclean hands.

4. Jurisdiction does not arise under RCW 11.96A.

5. Petitioner's losses, if any, were caused in whole or in part by the fault of others, including petitioner's own fault before and/or after she was appointed trustee of the James A. Garred Revocable Trust. This also includes the fault of non-parties, including but not limited to Patti Garred, Robert Bishop, and/or Anna Bishop.

6. Petitioner's claims are barred, in whole or in part, by the doctrine(s) of comparative negligence, comparative responsibility, and/or comparative fault.

7. Petitioner's claims are barred, in whole or in part, because she consented to the alleged conduct about which she complains.

8. Some or all of the petitioner's claims are barred, in whole or in part, based on lack of standing.

9. Petitioner's claims are barred, in whole or in part, by the doctrine of judgmental immunity.

10. Petitioner's claims are barred, in whole or in part, by her failure to mitigate damages.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Petition, the respondents request that the Court grant them the following relief:

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  a. That petitioner's claims be dismissed with prejudice;

2  b. An award of attorney fees and costs; and

3  c. For such other relief as the Court deems just and equitable.

4  DATED this 1st day of March, 2012.

BYRNES KELLER CROMWELL LLP

By /s/ Steven C. Minson
    Bradley S. Keller, WSBA #10665
    Paul R. Taylor, WSBA #14851
    Steven C. Minson, WSBA #30974
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Email: bkeller@byrneskeller.com
       ptaylor@byrneskeller.com
       sminson@byrneskeller.com
Attorneys for Respondents
Christopher Moore, and Creason, Moore, Dokken & Geidl, PLLC

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

CERTIFICATE OF SERVICE

  The undersigned attorney certifies that on the 1st day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bruce A. McDermott
Teresa Byers
Garvey Schubert Barer
1191 Second Avenue, 18th Floor
Seattle, WA  98101-2939
bmcdermott@gsblaw.com
tbyers@gsblaw.com
*Attorneys for Petitioner*

  /s/ Steven C. Minson
  Steven C. Minson, WSBA #30974
  Byrnes Keller Cromwell LLP
  1000 Second Avenue, 38th Floor
  Seattle, WA  98104
  Telephone:  (206) 622-2000
  Facsimile:  (206) 622-2522
  sminson@byrneskeller.com
  **Attorneys for Respondents**

ANSWER AND AFFIRMATIVE DEFENSES
(No. 2:12-cv-00313 RSL) - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000